```
                              UNITED STATES DISTRICT COURT
                                DISTRICT OF CONNECTICUT

------------------------------- x
LEGO A/S; LEGO SYSTEMS, INC.;   :
and LEGO JURIS A/S,             :
                                :
          Plaintiffs,           :
                                :    Civil No. 3:18-cv-2045 (AWT)
v.                              :
                                :
ZURU INC.,                      :
                                :
          Defendant.            :
------------------------------- x
```

**ORDER RE: PLAINTIFFS' EMERGENCY MOTION FOR
TEMPORARY RESTRAINING ORDER**

Plaintiffs LEGO A/S, LEGO Systems, Inc., and LEGO Juris A/S moved for a Temporary Restraining Order restraining defendant Zuru Inc. from manufacturing, selling, offering for sale, distributing, displaying or authorizing the sale of the ten figurines proposed by the defendant (the "Proposed Figurines") in its Notice of Intent to Manufacture and Sell Non-Infringing Figurines (ECF No. 305) (the "Notice"), and confirming that the Proposed Figurines are subject to the Preliminary Injunction (ECF No. 139).

In the Ruling on Motion for Contempt (ECF No. 139) the court stated, <u>inter</u> <u>alia</u>:

> Based on the foregoing, the court concludes that ZURU, Inc. has been persistent in its infringing activity, that it cannot be relied upon to keep a "safe distance" from infringing activity, and that the plaintiffs should not be required to simply rely on representations of ZURU, Inc. or its counsel that

-1-

> ZURU, Inc. is in compliance with the Preliminary Injunction Order. The court further concludes that it is appropriate to require ZURU, Inc. to file a notice with the court, which shall include detailed information about any such figurine, at least 30 days prior to manufacturing, selling, offering for sale, distributing, displaying, or authorizing the sale of any figurine in its MAX Build More product line or in any replacement for the MAX Build More product line. This will allow sufficient time for the court to receive and act on any application for a temporary restraining order.

Ruling on Mot. for Contempt at 26.

In their Emergency Motion for Contempt (ECF No. 114), the plaintiffs sought an amendment to the Preliminary Injunction Order to add the following language:

> FURTHER ORDERED that the defendant must seek the Court's approval prior to manufacturing, selling, offering for sale, distributing, displaying or authorizing the sale of any figurine in its enjoined product lines.

The LEGO Group's Emergency Mot. for Contempt (ECF No. 114) at 2. The court put in place an alternate mechanism because "such an approach avoids a situation where ZURU, Inc. develops a new figurine the plaintiffs agree is non-infringing, but ZURU, Inc. nevertheless has to wait for approval from the court." Ruling on Mot. for Contempt at 27. The court noted that such an approach was consistent with the standard set forth in <u>Dole Fresh Fruit Co. v. United Banana Co.</u>, 821 F.2d 106 (2d Cir. 1987).

The mechanism of an application for a temporary restraining order was used as a means to put the court on notice that the

-2-

plaintiffs were of the view that any proposed figurines are subject to the Preliminary Injunction Order and to maintain the status quo while the court made a determination as to whether that was so.

The defendant filed the Notice on November 17, 2023. In the Notice, the defendant stated "that if TLG does not file an application for injunctive relief within 30 days after the date of this Notice, Zuru will construe the absence of such a filing as TLG's agreement that none of Zuru's Third-Generation Figurines infringes TLG's asserted Minifigure copyrights or trademarks." Notice at 10. In the motion for seeking a temporary restraining order, the plaintiffs proposed that the opposition to the motion be filed on or before December 4, 2023 and that the plaintiffs' reply brief be filed on or before December 8, 2023. The defendant sought more time to file its opposition, and eventually, the court set December 22, 2023 as the deadline for the defendant's opposition and January 19, 2024 as the deadline for the plaintiffs' reply brief. The court scheduled oral argument for February 2, 2024. This was done with the understanding that the defendant would maintain the status quo with respect the Proposed Figurines until the court held oral argument.

On February 2, 2024 the court informed the parties in open court that the Proposed Figurines are subject to the Preliminary

Injunction Order. Because the defendant had agreed to maintain the status quo with respect to the Proposed Figurines until the court held oral argument and the court informed the parties that the Proposed Figurines are subject to the Preliminary Injunction Order during oral argument on February 2, 2024, there is no need to issue a temporary restraining order.

Accordingly, and based on the discussion during oral argument on February 2, 2024, the court issues the following orders with respect to Plaintiffs' Emergency Motion for Temporary Restraining Order (ECF No. 306):

(1) The Proposed Figurines are subject to the Preliminary Injunction Order;

(2) The application for a temporary restraining order is denied as moot because there was and is no need to issue one; and

(3) The court reserves ruling on the plaintiffs' request for costs and fees associated with the instant motion.

It is so ordered.

Dated this 5th day of February 2024, at Hartford, Connecticut.

/s/
Alvin W. Thompson
United States District Judge