**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| LEGO A/S; LEGO SYSTEMS, INC.; and LEGO JURIS A/S,<br><br>Plaintiffs,<br><br>v.<br><br>ZURU INC.,<br><br>Defendant. | Civil No. 3:18-cv-2045 (AWT) |

**NOTICE AND ORDER RE PROPOSED SCHEDULING ORDER**

**I. Notice**

The court has concluded that it is appropriate to issue an order pursuant to Federal Rule of Civil Procedure 56(g).

With respect to the Connecticut Unfair Trade Practices Act ("CUTPA") claim,

> CUTPA provides: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Conn. Gen. St. § 42-110b(a). "Any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by section 42-110b, may bring an action" to recover actual damages, punitive damages, and equitable relief. Conn. Gen. St. 42-110g(a).

Fabri v. United Tech. Int'l., Inc., 387 F.3d 109, 119 (2d Cir. 2004).

Consistent with the foregoing, the Connecticut Judicial

Branch Civil Jury Instructions with respect to a CUTPA claim state:

> The plaintiff claims that the defendant violated the Connecticut Unfair Trade Practices Act, a Connecticut law, commonly known as CUTPA. The plaintiff must prove this claim by a preponderance of the evidence. The plaintiff must prove that the defendant engaged in an unfair method of competition or an unfair or deceptive act or practice in the conduct of trade or commerce and that this caused the plaintiff to sustain an ascertainable loss.

CONN. JUD. BRANCH CIV. JURY INSTR. § 5.2-1.

The first element of a CUTPA claim is that the defendant's actions were carried out in the course of its trade or commerce. See CONN. JUD. BRANCH CIV. JURY INSTR. § 5.2-2.

As to the second element,

"[A] violation of CUTPA may be established by showing either an actual deceptive practice ... or a practice amounting to a violation of public policy." . . . "In order to enforce this prohibition, CUTPA provides a private cause of action to [a]ny person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a [prohibited] method, act or practice...."

Ramirez v. Health Net of Ne., Inc., 285 Conn. 1, 19 (2008)(internal citations omitted); see also CONN. JUD. BRANCH CIV. JURY INSTR. §§ 5.2-3, 5.2-7.

Whether there is an unfair trade practice is determined by application of the "Cigarette Rule." See CONN. JUD. BRANCH CIV. JURY INSTR. § 5.2-3; see also Ramirez, 285 Conn. at 19. The plaintiff has to establish that the defendant's conduct meets at least one of the three criteria set forth in the "Cigarette Rule." See

CONN. JUD. BRANCH CIV. JURY INSTR. § 5.2-3; see also Ramirez, 285 Conn. at 19. The three criteria are: "1) it offends public policy as it has been established by statutes, the common law or other established concept of unfairness; or 2) it is immoral, unethical, oppressive or unscrupulous; or 3) it causes substantial injury to consumers, competitors or other business persons." See CONN. JUD. BRANCH CIV. JURY INSTR. § 5.2-3; see also Ramirez, 285 Conn. at 19.

With respect to the first criterion, courts have stated that, "[a] violation of the Lanham Act is a per se violation of CUTPA[,]" Pfizer, Inc. v. Miles, Inc., 868 F. Supp. 437, 442 (D. Conn. 1994); see also Suisman, Shapiro, Wool, Brennan, Gray, & Greenberg, P.C. v. Suisman, No. 3:04-CV-745 (JCH), 2006 WL 387289, at *13 (D. Conn. Feb. 15, 2006) ("Courts in this district have held that a Lanham Act violation is an automatic CUTPA violation")(collecting cases); Timex Corp. v. Stoller, 961 F. Supp. 374, 381 (D. Conn. 1997)(similar). But the context for this statement is that Conn. Gen. Stat. § 42-110(g) requires that, to recover on a claim for a CUTPA violation, the plaintiff must also establish that the practice occurred in the conduct of trade or commerce and that it caused the plaintiff to suffer an ascertainable loss. Thus Pfizer and similar cases stand for the proposition that a Lanham Act violation satisfies the second element of a CUTPA claim.

The third element of a CUTPA claim is that the plaintiff suffered an ascertainable loss. See CONN. JUD. BRANCH CIV. JURY INSTR. § 5.2-9.

**II. Order**

To assist the parties and the court in identifying matters that should be addressed in the joint trial memorandum and the court in preparing a scheduling order, LEGO and ZURU shall file, separately, supplements to the proposed scheduling order. The supplements must address the areas set forth below:

A. **Jury trial.** ZURU states that it is entitled to a jury trial on the issue of liability with respect to the CUTPA claim and on copyright statutory damages. If LEGO takes a different position, it will provide the basis for its position.

B. **Daubert motions.** ZURU's proposed schedule contemplates filing Daubert motions. ZURU will explain the rationale for its request that Daubert motions be filed at this stage of the case. LEGO will state its position and the reason(s) for that position.

C. **Witnesses.** This district's Standing Order Regarding Trial Memoranda in Civil Cases (see D. Conn. L. Rules of Civ. Proc.) provides that the joint trial memorandum submitted by the parties will include a list of witnesses, etc. ZURU proposes "Supplemental

Initial Disclosures.” If ZURU believes that more than what will be included in the joint trial memorandum is required, it will explain the basis for its position.

D. **Attorney’s fees, costs, and expenses.** LEGO proposes post-trial briefing, beginning within 45 days after the entry of judgment. ZURU requests that the court deviate from the federal and local rules and take an approach that could result in a piecemeal appeal. ZURU will provide any authority that supports its position. Compare Novick v. AXA Network, LLC, 642 F.3d 304, 310 (2d Cir. 2011) (“In general, there is a ‘historic federal policy against piecemeal appeals.’”).

E. **Permanent Injunction.** LEGO suggests that entitlement to a permanent injunction be addressed in pretrial briefing. If ZURU is suggesting at page 9 of the Proposed Scheduling Order that the permanent injunction be addressed after the trials, ZURU will provide the rationale for that request.

F. **CUTPA claim -- first element.** LEGO will explain whether evidence establishing the first element of the CUTPA claim is in the summary judgment record, identifying at least some of that evidence. ZURU will state whether it will contest the first element of the CUTPA claim, and if so, identify at least some of the

evidence that would enable it to survive a Rule 50 motion.

G. **CUTPA claim -- second element.** In the Ruling on Cross-Motions for Summary Judgment, the court held that LEGO was entitled to summary judgment on its claims for trademark infringement in Counts II and III because there was no genuine issue of material fact with respect to its claim that it owns a valid protectable mark and ZURU used a similar mark that is likely to cause confusion as to the source of its MAX Figures. If ZURU sees any basis for the relevant facts not to be included in the order pursuant to Rule 56(g) (other than the fact that ZURU disagrees with and plans to appeal the court's ruling) ZURU will provide an explanation of its position.

H. **CUTPA claim -- third element.** LEGO will explain whether evidence establishing the third element of the CUTPA claim is in the summary judgment record, identifying at least some of that evidence. ZURU will state whether it will contest the third element of the CUTPA claim, and if so, identify at least some of the evidence that would enable it to survive a Rule 50 motion.

## III. Deadline

The parties shall file their supplemental submissions by **November 2, 2026.**

It is so ordered.

Dated this 26th day of October 2026, at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge